IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LIGHTSTREAM INC.,

                Plaintiff,                        OPINION & ORDER

    v.

                                                 13-cv-0050-wmc

ATOMIC PRODUCTS, LLC d/b/a VISIGLO,
DOUGLAS GRABE, and ALLAN CURTIS,

                Defendants.

---

    In this civil action, plaintiff Lightstream, Inc. alleges defendants Atomic Products, LLC d/b/a Visiglo, and its principal owners Douglas Grabe and Allan Curtis infringed its patents. Defendants Grabe and Curtis have moved *pro se* for dismissal of the complaint for lack of personal jurisdiction, improper venue and failure to state a claim. (Dkt. ##15, 16.)[1] The court will grant the individual defendants' motions for lack of personal jurisdiction because Lightstream has failed to allege, much less demonstrate, that: (1) the individual defendants have the necessary minimum contacts with Wisconsin; or (2) even under plaintiff's alter ego theory, Grabe's and Curtis's company Atomic Products, LLC had the necessary minimum contacts.[2]

---

[1] The individual defendants have submitted virtually identical motions to dismiss. Unless otherwise noted, the court cites to Curtis's motion to dismiss (dkt. #15).

[2] Because the court finds that it lacks personal jurisdiction over the individual defendants, it need not reach defendants' challenge under Fed. R. Civ. P. 12(b)(3) or 12(b)(6).

ALLEGATIONS OF FACT

Defendant Atomic Products, LLC (d/b/a Visiglo) ("Atomic Products"), is (or was) a Connecticut limited liability company with its principal place of business in Bridgeport, Connecticut, and with a former internet web presence at www.visiglo.com.  Lightstream alleges that personal jurisdiction exists over Atomic Products because this is a federal patent infringement case and that "a substantial part of the events giving rise to the patent infringement claims herein have taken place and may still be taking place in this judicial district." (Compl. (dkt. #1) ¶ 5; Am. Compl. (dkt. #9) ¶ 8.)  Lightstream filed an amended complaint adding Douglas Grabe and Allan Curtis as additional defendants on May 21, 2013, alleging that the individual defendants "direct and control the operations and activities of Atomic Products." (Am. Compl. (dkt # 9) ¶ 6.)  Neither Grabe nor Curtis are residents of Wisconsin.

In response to defendants' motions to dismiss, Lightstream submitted evidence that Atomic Products dissolved on January 28, 2013, five days after the original complaint was filed. (Declaration of John Whitaker ("Whitaker Decl.") (dkt. #18) ¶ 3; *id.*, Ex. 2 (dkt. #18-2).)  Atomic Products has not entered an appearance in this action and is currently in default.  Plaintiff contends, however, that the "dba Visiglo" is still selling the alleged infringing products, at least as of March 1, 2013, through The Company of Animals, LLC, of which defendant Douglas Grabe allegedly is identified as a principal. (Whitaker Decl. (dkt. #18) ¶¶ 4-6; *id.*, Exs. 3, 4 (dkt. ##18-3, 18-4.)[3]

---

[3] In his reply, Grabe submitted a letter from the Finance Manager of The Company of Animals, Ltd. indicating that "Mr. Douglas Grabe and/or Atomic Products LLC have no

OPINION

Grabe and Curtis move *pro se* to dismiss the complaint for lack of personal jurisdiction, improper venue, and for failure to state a claim. In particular, Grabe and Curtis claim that plaintiff has neither alleged nor presented evidence that this court has personal jurisdiction over them. In response to defendants' motions to dismiss, plaintiff contends that personal jurisdiction exists over the individual defendants because Grabe and Curtis have been misusing corporate formalities and are the alter egos of the company Atomic Products.

I. **Overview of Personal Jurisdiction**

"A personal jurisdiction determination for an out-of-state defendant is a two step inquiry: whether a forum states long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) (internal quotation marks and citation omitted). Since Wisconsin's long-arm statute, Wis. Stat. § 801.05, has been interpreted to confer jurisdiction to the fullest extent allowed under the due process clause, the court will focus on the reach of federal due process in determining whether it may exercise specific personal jurisdiction over VMR. *Felland v. Clifton*, 682 F. 3d 665, 678 (7th Cir. 2012).

A plaintiff has the burden to demonstrate the existence of personal jurisdiction, *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997), but need only

---

involvement [in] the affairs of the Company of Animals LLC." (Declaration of Douglas Grabe, Ex. 4 (dkt. #22-4).)

make out a prima facie case when a defendant's motion to dismiss relies on the submission of written materials without the benefit of an evidentiary hearing. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *see also Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1410 (Fed. Cir. 2009). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found.*, 338 F.3d at 782 (internal quotation marks and citation omitted); *Touchom*, 574 F.3d at 1410.

Lightstream appears to limit its argument to trying to establish specific, rather than general, personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ("It has been said that when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant."). As such, the key constitutional question is whether the individual defendants here had sufficient "minimum contacts" with Wisconsin, such that the maintenance of this suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *see also Illinois v. Hemi Group, LLC*, 622 F.3d 754, 757 (7th Cir. 2010) (quoting *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008)). The court considers whether "the defendant should reasonably anticipate being haled into court in the forum state, because the defendant has purposefully availed itself of the privilege of conducting activities there." *Kinslow*, 538 F.3d at 691.

II. Analysis

Plaintiff does not dispute that defendants Grabe and Curtis individually have no direct contacts with Wisconsin, but maintain that jurisdiction is appropriate because of the minimum contacts that co-defendant Atomic Products has with Wisconsin. Plaintiff alleges Atomic Products is an "alter ego" of Grabe and Curtis, so Grabe and Curtis are subject to personal jurisdiction based on Atomics Products contacts with Wisconsin. *See Leach Co. v. Gen. Sani-Can Mfg. Corp.*, 393 F.2d 183, 185-86 (7th Cir. 1968) (affirming district court's finding of a lack of corporate separateness to exercise personal jurisdiction over one corporate entity based on another corporate entity's contacts with the forum state).

A 12(b)(2) motion to dismiss for lack of personal jurisdiction, such as this one, requires the nonmovant to "go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found.*, 338 F.3d at 783. To establish personal jurisdiction, plaintiff cannot, therefore, rely on bare allegations that Atomic Products is an alter ego of Grabe and Curtis. *Taurus IP v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 918 (W.D. Wis. 2007) (finding plaintiff had made out a prima facie case by submitting evidence supporting an alter ego theory). Rather, plaintiff must submit affirmative evidence demonstrating that: (1) Atomic Products is Grabe's and Curtis's alter ego; *and* (2) Atomic Products had minimum contacts with Wisconsin for this court to exercise personal jurisdiction.

Because Atomic Products is a Connecticut limited liability company, this court looks to Connecticut law to determine whether the company is an "alter ego" of Grabe

5

and Curtis. *See Select Creations, Inc. v. Paliafito Am., Inc.*, 852 F. Supp. 740, 774 (E.D. Wis. 1994). Connecticut has recognized the instrumentality rule for disregarding a defendant's corporate structure, which requires:

> (1) complete domination of an entity's finances, policy, and business practice so that the corporate entity had no separate mind, will, or existence of its own; (2) such control must have been used to commit fraud or wrong; and (3) the aforesaid control and breach of duty must proximately cause the plaintiff's injury.

*Patel v. Flexo Converters U.S.A., Inc.*, 68 A.3d 1162, 1167 n.7 (Conn. 2013).

Plaintiff has not provided *any* evidence that Grabe and Curtis exhibited the kind of complete domination of Atomic Products necessary to invoke an alter ego theory. Instead, the record simply demonstrates that Grabe and Curtis were principals of Atomic Products, and that Atomic Products was dissolved after the original complaint was filed in this matter. The fact that Grabe may now be involved with another separate LLC (or was in the past) does not bolster plaintiff's argument that Atomic Products is Grabe's and Curtis's alter ego, nor is it sufficient by itself to support plaintiff's conclusory statement that "it is apparent that the Moving Defendants are using various shell companies as alter egos of themselves for the purpose of, *inter alia*, selling accused products." (Pl.'s Opp'n (dkt. #17) 3.) A more accurate statement on this record might be that the individual defendant's use of corporate entities was calculated to protect themselves from personal liability, but this might be said of many people and entities. Plaintiff needed to go further and *show* that corporate formalities were not observed. While it *may* be true that they were not, plaintiff offers *no* evidence. Even resolving all facts in favor of plaintiff,

6

therefore, the record is insufficient to support a finding that Atomic Products was Grabe's and Curtis's alter ego.

Even assuming plaintiff *had* met its burden with respect to the alter ego theory, its argument still falls short since plaintiff also fails to offer *any* evidence that Atomic Products has the necessary minimum contacts with Wisconsin. *See Purdue Research Found.*, 338 F.3d at 782 ("[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."). Indeed, plaintiff only makes a bare assertion in its complaint that patent infringement has "taken place and may still be taking place in this judicial district." (Compl. (dkt. #1) ¶ 5.)

Accordingly, the court will grant Grabe's and Curtis's respective motions to dismiss and dismiss plaintiff's claim as against them. In light of Atomic Products' failure to appear and answer the complaint, plaintiff is free to seek a default judgment against that defendant. Perhaps with this judgment in hand, plaintiff may be able to pursue a separate action against Grabe and Curtis in an appropriate forum to recover based on an alter ego or other theory.

7

ORDER

IT IS ORDERED that defendant Grabe's and Curtis's motions to dismiss for lack of personal jurisdiction (dkt. ##15, 16) are GRANTED.

Entered this 25th day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge